UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS K.,

           Plaintiff,

      v.                                            **DECISION AND ORDER**
                                                                      21-CV-6357S

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

        1.       Plaintiff Thomas K.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since June 9, 2019, principally due to physical limitations caused by a motorcycle accident. Plaintiff maintains that he is entitled to benefits because his impairments render him unable to work.

        2.       Plaintiff filed his application for disability benefits on July 17, 2019. After denial at the agency level, Plaintiff proceeded to a telephonic hearing before ALJ John G. Farrell on July 1, 2020. At the time of the hearing, Plaintiff was 30 years old, had a limited education, and had past relevant work as a warehouse worker, tree cutter/snowplow operator, and bakery helper/bread baker. The ALJ considered the case *de novo* and, on November 17, 2020, issued a written decision denying Plaintiff's application for benefits. The Appeals Council thereafter denied Plaintiff's request for review on March 26, 2021.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3. Plaintiff filed the current action on April 30, 2021, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on August 9, 2022. (Docket Nos. 6-9.) The case was thereafter assigned here on April 3, 2023, at which time this Court took the motions under advisement without oral argument. (Docket No. 13.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405 (g).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does

---

[2] The ALJ's November 17, 2020 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

      6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 404.1520. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

5

> perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since June 9, 2019, the alleged onset date (R. at 18); (2) Plaintiff's status post right collar bone fracture, status post right heel fracture, and status post right heel surgery constituted severe impairments within the meaning of the Act (R. at 18); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 18); (4) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567 (a), except that he can occasionally climb ladders, ropes or scaffolds, balance, kneel, crouch, and crawl, and occasionally reach with right (dominant)

hand (R. at 19-22); (5) Plaintiff was unable to perform any past relevant work (R. at 22-23), and (6) Plaintiff could perform jobs that exist in significant numbers in the national economy given his age, education, work experience, and RFC (R. at 23-24).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from June 9, 2019, through November 17, 2020.  (R. at 16, 24.)

13.    Plaintiff maintains that the ALJ erred by finding his back pain to be non-severe and by failing to account for it in the RFC.  In response, the Commissioner argues that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed.  This Court agrees with the Commissioner.

14.    To begin, a close reading of the decision reveals that the premise of Plaintiff's argument is wrong.  The ALJ did not find Plaintiff's back pain to be non-severe; he found that it was not medically determinable.  (R. at 18 ("As for back pain, there was no objective evidence to substantiate the existence of this condition.").)  The question then is whether this determination is supported by substantial evidence.

15.    As relevant here, the term "disability" under the Act means "inability to engage in any substantial gainful activity by reason of any *medically determinable* physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A) (emphasis added).  To demonstrate a medically determinable impairment, a claimant must establish that he or she has "anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1521; 42 U.S.C. § 423 (d)(5)(A) (providing that "there must be medical signs and findings, established by medically

acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged"). The impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. A claimant's own statement of symptoms, diagnosis, or medical opinion is insufficient to establish a medically determinable impairment. See id.; 42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of a disability . . .").

16.  Here, the ALJ found no objective evidence substantiating the Plaintiff's alleged back pain condition. (R. at 18.) Plaintiff argues that this is error, and first points to results of an April 2016 MRI of his lumbar spine and his receipt several months later of an epidural intended to address low back pain. (R. at 351-52, 353.) While this evidence shows abnormalities in the disc space, protrusion, and some narrowing in Plaintiff's lumbar spine, it significantly pre-dates the relevant time period, and the epidural injection is a treatment, not diagnostic medical evidence. Moreover, other evidence from this same time period is devoid of references to back pain and indicates that Plaintiff "didn't have a spine problem." (R. at 355.)

17.  Plaintiff next points to several June 2019 CT scans. The first one pertained to his neck, not back, and Plaintiff points to no objective medical evidence or findings tying his alleged back pain to any neck condition. (R. at 475.) The second CT scan pertained to his thoracic spine. (R. at 481-83.) While kyphotic curvature (forward rounding of the upper back) was noted, the scan revealed largely normal findings, such as vertebral bodies of normal height, alignment, and spacing, with no acute thoracic

8

fracture. (R. at 482-83.) Finally, Plaintiff had a CT scan of his lumbar spine, which again revealed largely normal findings. (R. 484-85.) Although lordosis (excessive inward curvature) was noted, the scan revealed largely normal findings, such as vertebral bodies of normal height, alignment, and spacing, with no acute lumbar fracture. (R. at 485.) There is further no other documentation of a back pain condition during this time.

18.     Next, Plaintiff suggest that Dr. Toor's August 2019 report established his back pain as a medically determinable impairment. (R. at 548-53.) Dr. Toor noted that Plaintiff had "lower back pain since two years," described by Plaintiff as "a dull achy constant pain, 4/10 on the scale of 1-10 in the lower back that radiates to the right leg." (R. at 548.) Dr. Toor further found "[n]o scoliosis, kyphosis, or abnormality in the thoracic spine." (R. at 550.) Plaintiff declined a full assessment of his lumbar spine. (Id.) Ultimately, Dr. Toor diagnosed "[h]istory of chronic pain in the lower back," but that is simply a recitation of Plaintiff's self-reporting, not a medical sign or finding. Consequently, Dr. Toor's report does not constitute objective evidence of a medically determinable back pain condition. See 20 C.F.R. § 404.1521; 42 U.S.C. § 423 (d)(5)(A); Poupore v. Astrue, 566 F.3d 303, 307 (2d Cir. 2009) (holding that subjective complaints of pain unsupported by objective medical evidence are insufficient to establish disability).

19.     Finally, Plaintiff argues that his hearing testimony established the existence of a back condition. Such is not the case. First, Plaintiff's attorney twice identified Plaintiff's claim as involving fractures and surgeries relating to this collar bone, forearm and heel, with no mention of a back condition. (R. at 37, 50.) Second, Plaintiff denied taking any pain medications. (R. at 52-53.) Third, although Plaintiff stated that his back would hurt if he sat too long, he denied having symptoms in his back when queried by the

ALJ. (R. at 55.) Lastly, Plaintiff's counsel asked no questions about Plaintiff's back during the hearing. (R. at 60-64.)

20. Upon review of the record as explained above, this Court finds that substantial evidence in the record supports the ALJ's finding that no objective evidence substantiates the existence of Plaintiff's alleged back pain condition. (R. at 18.) It follows then that the ALJ did not err by failing to account for Plaintiff's back pain or any related sitting limitations in the RFC, since only medically determinable impairments are considered. See Social Security Ruling 96-8p (1996) (reiterating that [t]he RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments").

21. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:	May 8, 2023
	Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
